**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Anthony Mikols, | No. CV-23-00187-PHX-JAT (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| RA Heisner, | |
| Respondent. | |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Mitchell Anthony Mikols has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution in Phoenix, Arizona (FCI Phoenix).

## I.    Summary of Conclusion.

Petitioner raises one ground for relief, arguing that he is entitled to at least 194 days of credit for time served toward a federal sentence imposed in the District of Utah. Petitioner was in state custody on a parole violation when he was transferred to federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. Because Petitioner was not released to federal custody when he was brought to federal court, he remained in the primary jurisdiction of the State of Utah. As such, he is not entitled to the federal credit for time served he requests. It is recommended the Motion be denied and dismissed with prejudice.

## II. Background.

### A. State and Federal Custody.

On May 16, 2018, Petitioner was arrested in Utah for felony offenses and parole violations. (Doc. 11-1 at 12.) On May 24, 2018, Petitioner was held for parole violation proceedings by the Utah Board of Pardons. (*Id*.)

On June 25, 2018, United States Magistrate Judge Dustin Pead signed a Writ of Habeas Corpus Ad Prosequendum. (Doc. 11-1 at 15.) On June 26, 2018, the United States Marshals Service "partially executed" the writ by taking Petitioner to federal court. (*Id*.) On January 15, 2019, Petitioner was sentenced to 96 months of imprisonment for Felon in Possession of a Firearm and Ammunition in 18-CR-00287-JNP. (Doc. 11-1 at 17.)[1] On February 7, 2019, the United States Marshals Service "fully executed" the writ by returning Petitioner to "the institution where the defendant" was previously confined. (*Id*.)

On March 11, 2019, Petitioner's state parole in Utah was violated and he was ordered to serve the remainder of his prison sentences. (Doc. 11-1 at 38.) On May 7, 2019, Petitioner's state imprisonment terminated. (*Id*.) The parole board noted that "termination of inmate sentence is CONTINGENT on release to federal detainer only." (*Id*.)

### B. Sentence Computation.

The Federal Bureau of Prisons determined "Petitioner's federal sentence in 18-cr-00287-002 commenced on May 7, 2019, the date he paroled to exclusive federal custody." (Doc. 11-1 at 5.)

## III. Motion to Correct Credit for Time Served.

### 1. Law

A federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, but a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality

---

[1] On February 4, 2019, the judgment was filed. (*Id*.)

of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). A district court may entertain a § 2241 petition for a writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petition is appropriately filed in the District of Arizona because Petitioner is currently incarcerated at the Federal Correctional Institution in Phoenix, Arizona. (Doc. 1 at 1.)  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) ("A petition under § 2241 must be addressed to the district court which has jurisdiction over Brown or his custodian.").

### 2. Discussion.

Petitioner requests the Court order "194 days back that Petitioner did as to relation to this instant federal case, or credit all time in and out of federal and state custody of 315 days concurrent for same crime." (Doc. 1 at 9.) Petitioner's motion is not a model of clarity, but he refers to prior filings that present his argument. In an appeal in the Bureau of Prisons, Petitioner explained his calculation: "The 315 days is when I went into federal custody and made my first appearance on 6/26/2018. The 194 days is when I went into federal custody officially on 10/25/2018." (Doc. 1 at 17.)[2] In a motion for time-served credit in the District of Utah, Petitioner argued that a "federal sentence does not begin to run unless a prisoner in state custody is produced for prosecution in federal court, pursuant to a federal writ of habeas corpus ad prosequendum. Federal custody commences when the state authorities issues [*sic*] notice of state obligations, as here, petitioner was picked up by the state for the feds, and custody commenced upon arrest." (Doc. 1 at 23.) Petitioner argued he was entitled to credit under 18 U.S.C. 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). In support of his Motion, Petitioner cited to *United*

---

[2] The government asserts June 26, 2018 was the date of Petitioner's arraignment in the District Court of Utah. (Doc. 11 at 1-2.)

*States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (the sovereign that first arrests the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign).

Here, Petitioner is not entitled to relief because the Federal Bureau of Prisons properly calculated his credit for time served. For a federal sentence to commence, the government must have both physical custody and primary jurisdiction over a defendant. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018). "If the state retains primary jurisdiction, the federal sentence does not commence pursuant to § 3585." *Id*. at 765. Because Petitioner was transferred to federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum, the State of Utah retained primary jurisdiction over him. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (a defendant transferred pursuant to a writ of habeas corpus ad prosequendum is "on loan" to federal authorities and remains a state prisoner).[3] Petitioner's federal sentence did not commence until the State of Utah relinquished primary jurisdiction over him on May 7, 2019.

On May 16, 2018, Petitioner was arrested in Utah for felony offenses and parole violations. (Doc. 11-1 at 12.) He was released from state custody on May 7, 2019, when his state imprisonment terminated. (Doc. 11-1 at 38.) Petitioner began receiving federal credit for time served on that day. Petitioner's prior transfer to federal court from June 26, 2018, to February 7, 2019, did not divest the state of Utah from primary jurisdiction over him. As such, he was not entitled to credit for federal time served during those dates. *See Lowe v. Heisner*, No. 20-56057, 2021 WL 6102177, at *1 (9th Cir. Dec. 22, 2021) (unpublished) (rejecting argument that petitioner was "entitled to credit for the period of time in which he was in temporary federal custody on a writ of habeas corpus ad

---

[3] Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit for time served "as a result of the offense for which the sentence was imposed" if such time has not been credited against another sentence. The Federal Bureau of Prisons "determined the Petitioner received prior credit from May 16, 2018, to May 7, 2019, toward his state parole violations." (Doc. 11-1 at 4.) Petitioner does not contest this finding. He was not entitled to credit for time served under this statute. *See Schleining v. Thomas*, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment 'has not been credited against another sentence.'").

prosequendum"); *Ratigan v. Howard*, No. 22-15226, 2023 WL 2184830, at *1 (9th Cir. Feb. 23, 2023) (unpublished) (finding petitioner's argument for time-served credit "unavailing because the record shows that the federal district court issued a writ of habeas corpus ad prosequendum to secure his presence for the federal proceedings.").

**IV.    Conclusion.**

Petitioner fails to demonstrate that he is entitled the credit for time served that he requests. The record is sufficiently developed, and the Court finds the record conclusively shows Petitioner is entitled to no relief.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that any request for a Certificate of Appealability be **DENIED**.

Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability may be required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001) ("This court has previously concluded that 28 U.S.C. § 2253(c)(1) does not require a COA in an appeal from an order denying a section 2241 petition where: (1) the detention complained of does not arise out of a process issued by a state court; or (2) it is not a section § 2255 proceeding.").

If a COA ruling is necessary, Petitioner has not made the required substantial showing of the denial of a constitutional right. To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Petitioner has not met this standard.

This Report and Recommendation is not an order that is immediately appealable to

the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation's copy to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections.

Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of November, 2023.

Honorable John Z. Boyle
United States Magistrate Judge